T.C. Memo. 2002-130

UNITED STATES TAX COURT

RAY C. AND BERNADETTE B. BAAS,[1] Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5051-99.                    Filed May 29, 2002.

Ray C. Baas, pro se.

<u>Kathleen O. Lier</u>, for respondent.


MEMORANDUM OPINION

POWELL, <u>Special Trial Judge</u>:  Respondent determined a
deficiency of $1,175 in petitioners' 1995 Federal income tax.  At
issue is whether petitioners are liable for the 10 percent
additional tax under section 72(t) on an early distribution from

_____

[1]  Petitioner Bernadette B. Baas did not appear or
in any way participate in these proceedings.  With regard to her,
this case will be dismissed for failure to prosecute.  See Rule
123(b), Tax Court Rules of Practice and Procedure.  The decision,
when entered, will be in the same amount as that determined by
the Court against petitioner Ray C. Baas.

an individual retirement account (IRA) of petitioner Ray C. Baas (petitioner).[2]  Petitioners resided in Metairie, Louisiana, at the time the petition was filed.

The applicable facts may be summarized as follows.[3] Petitioner maintained an IRA with Jackson National Life Insurance Co.  Petitioner was indebted to his former wife for alimony and child support arrearages of $37,560.  In September 1993, the Domestic Relations Court held petitioner in contempt and ordered that he be incarcerated for 30 days, suspending the period of incarceration if petitioner paid $10,000.  Petitioner did not pay the $10,000, but the day of reckoning eventually came.  On January 24, 1995, another hearing was held, and petitioner was immediately incarcerated for contempt.  While incarcerated petitioner had a revelation and decided that his condition had to improve.  In order to satisfy the $10,000 child support and alimony arrearages petitioner withdrew $11,751[4] from his IRA and satisfied the court order.

Petitioners reported the $11,751 distribution on their joint 1995 Federal income tax return.  They, however, did not pay the

---

[2]  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.

[3]  The facts are not in dispute, and the issue is primarily one of law.  Sec. 7491, concerning burden of proof, has no bearing on this issue.

[4]  All amounts are rounded to the nearest dollar.

additional tax imposed by section 72(t).  Respondent determined that the additional tax was due, and the dispute is now before this Court.

Section 72(t) provides that:

>      (1) * * * If any taxpayer receives any amount from a qualified retirement plan (as defined in section 4974(c)), the taxpayer's tax * * * shall be increased by an amount equal to 10 percent of the portion of such amount which is includible in gross income.

Section 72(t)(2) provides certain exceptions to this additional tax, none of which, petitioner concedes, are applicable here.  It also is not contested that petitioner's IRA meets the definition of qualified retirement plans within the meaning of section 72(t).

Petitioner relies on Larotonda v. Commissioner, 89 T.C. 287 (1987), for the proposition that the section 72(t) additional tax is inapplicable to the distribution here.  In Larotonda, respondent levied on a taxpayer's IRA, forcing an early distribution.  The Court held that the taxpayer was not liable for the section 72(t) additional tax.  Unlike the situation in Larotonda, however, there was no levy by respondent in this case.

Similarly, in Murillo v. Commissioner, T.C. Memo. 1998-13, affd. without published opinion 166 F.3d 1201 (2d Cir. 1998), also cited by petitioner, the taxpayer was indicted on charges of violating Federal currency transaction reporting laws.  As part of the taxpayer's plea agreement, all funds on deposit in several

accounts were forfeited to the Federal Government, including funds in an IRA. This Court determined that the taxpayer was not liable for the section 72(t) additional tax on those distributions because they were outside the class of early distributions Congress intended to discourage by enacting section 72(t). Like Larotonda v. Commissioner, supra, Murillo involved a surrender of funds held in an IRA to the Federal Government, and this Court recognized a very limited exception to the provisions of section 72(t).

While there was a compulsion to withdraw funds in Larotonda, Murillo, and in this case, compulsion is not the sole determinative factor, and we decline to extend the rationale of those cases to the situation here. Rather, this case is analogous to Czepiel v. Commissioner, T.C. Memo. 1999-289, affd. by order (1st Cir., Dec. 5, 2000). In that case, as here, the taxpayer was incarcerated for failure to pay his former spouse a pecuniary division of marital property. The taxpayer withdrew funds from an IRA to satisfy the judgment. We held that under those facts the taxpayer was subject to the additional tax under section 72(t) and distinguished Larotonda and Murillo on the ground that "the IRA distributions [in Czepiel] were not made without any active participation by" the taxpayer. Id. That is equally true of the distribution here.

To reflect the foregoing,

An appropriate order of dismissal and decision will be entered.